UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. DEININGER, Individually, | ) | |
| ARTHUR A. HORNING, Individually, | ) | |
| JAMES H. RAY, Individually, | ) | |
| C-3 INT'L., LLC, and | ) | |
| C-3 INT'L., LLC RETIREMENT PLAN | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., and is brought by the Secretary to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty, and to obtain such other further relief as may be appropriate to redress violations and enforce the

provisions of that Title pursuant to §§ 409 and 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2) and (5), respectively.

2. This court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Northern District of Georgia pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. C-3 Int'l., LLC Retirement Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted. At all relevant times, the Plan was administered in Alpharetta, Georgia by the Defendants.

5. Defendant C-3 Int'l., LLC ("C-3"), is or was at all times relevant to this action the Plan Administrator of the Plan. C-3, therefore, is a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant Mark Deininger ("Deininger") founded and was the President and Chief Executive Officer ("CEO") of C-3. At all times relevant to

this action, Deininger has been a Plan Trustee.  As a Plan Trustee, Deininger exercises discretionary authority and control over the management of the Plan.  He also manages and controls Plan assets.  Therefore, Deininger is a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).  Upon information and belief, Deininger resides at 675 Springview Court, Roswell, GA 30076.

    7.  Defendant Arthur A. Horning ("Horning") was at all times relevant to this action the Senior Vice President, Secretary and General Counsel for C-3, and a named Plan Trustee to the Plan.  He also performed the duties of the Plan Administrator.  As a Plan Trustee and Plan Administrator, Horning exercised discretionary authority and control over the management of the Plan.  He also managed and controlled Plan assets.  Therefore, Horning is a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).  Upon information and belief, Horning resides at 805 Peachtree Street, Unit 507, NE, Atlanta, GA 30308.

    8.  Defendant James H. Ray ("Ray") was at all times relevant to this action the Chief Financial Officer ("CFO").  In his capacity as CFO, Ray had discretionary authority to manage and control Plan assets.  Therefore, Ray is a

"fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).  Upon information and belief, Ray resides at 3007 Woodbridge Lane, Canton, Georgia 30114.

9. The Plan was originally established by C-3 on October 1, 2007; however, a new Plan was later established by C-3 on January 1, 2008.

10. The Plan is a qualified retirement plan that permitted employees ("Participants") to elect to contribute a portion of their compensation, a salary deferral, to the Plan.

11. The Plan was terminated on May 25, 2010.

12. C-3 is still an active limited liability company according to Georgia Secretary of State corporation records.

13. During the period of October 1, 2007 through May 8, 2009, C-3 withheld from Participants' compensation $130,130.96, but never remitted the employee contributions to the Plan.

14. Between October 1, 2007 and May 8, 2009, Defendants C-3, Deininger, Horning, and Ray failed to ensure that amounts withheld from employee compensation were remitted to the Plan as soon as they could be reasonably segregated from the assets of the employer.

15. During the periods that participant contributions were not remitted to the Plan as required, Defendants C-3, Deininger, Horning, and Ray caused or allowed the contributions to be commingled with C-3's general assets.

16. Defendants C-3, Deininger, Horning, and Ray caused or allowed the comingled funds referred to in the preceding paragraphs (¶¶ 13 through 15) to be used for C-3's purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

17. Defendants C-3, Deininger, Horning, and Ray failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs (¶¶ 13 through 15).

18. Defendants C-3, Deininger, Horning, and Ray failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

19. By causing, allowing or engaging in the acts or omissions set forth in Paragraphs 13 through 19, Defendants C-3, Deininger, Horning, and Ray, as fiduciaries of the Plan,

    (a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and

defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(l)(A), 29 U.S.C. § 1104(a)(l)(A);

        (b)    failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(l)(B);

        (c)    failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

        (d)    caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

        (e)    dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(l), 29 U.S.C. § 1106(b)(1); and

(f)    acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C.§1132(a)(2) and (5), Plaintiff prays that the Court:

      (f)    acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C.§1132(a)(2) and (5), Plaintiff prays that the Court:

      A.    Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breach of fiduciary obligations

      B.    Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997)(codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

      C.    Remove Defendants Deininger, Horning, and Ray as Plan fiduciaries and appoint a successor fiduciary or administrator to arrange for the distribution of assets, at Defendants' expense;

D. Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

E. Enjoin Defendants from engaging in any further action in violation of Title 1 of ERISA;

F. Provide such other relief as may be just and equitable.

| | |
|---|---|
| <u>ADDRESS</u>: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor |
| Telephone:<br> (404) 302-5435 (Office)<br> (404) 302-5438 (Facsimile) | By:<u>/s/Robert M. Lewis, Jr.</u><br>     ROBERT M. LEWIS, JR.<br>     Counsel<br>     Georgia Bar No. 451264 |
| Email:<br>lewis.robert@dol.gov<br>ATL.FEDCOURT@dol.gov | Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff |

SOL Case No. 12-04015